UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIM BURGESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22-cv-01158-AGF |
| ) | |
| JAMES M. WEBSTER, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on Plaintiff's motion for default judgment. Doc. No. 13. Plaintiff seeks entry of judgment against Defendant James M. Webster on Count I for the injunctive relief sought in the petition and a monetary judgment in the amount of $7,789.50 for attorney's fees and costs. For the reasons set forth below, this motion will be denied without prejudice.

## BACKGROUND

On November 1, 2022, Plaintiff filed his complaint against Defendants James M. Webster and Martyl A. Webster,[1] alleging violations of the Americans with Disability Act (ADA). Doc. No. 1. On December 19, 2022, Plaintiff filed a proof of service which indicated that Defendant James Webster was personally served on November 16, 2022. Doc. No. 3. On January 23, 2023, Plaintiff filed a motion for entry of clerk's default. Doc.

---

[1] Upon Plaintiff's request, Defendant Martyl A. Webster was dismissed as a defendant on April 3, 2023. Doc. No. 15.

No. 7. The clerk granted an entry of default against Defendant James Webster. Doc. No. 8. Plaintiff now moves for default judgment, seeking an injunction and attorney's fees and costs in the amount of $7,789.50. Doc. No. 13.

## LEGAL STANDARD

"The entry of default judgment should be a rare judicial act." *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993) (internal quotations and citation omitted). "Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right." *Walton v. Pennington*, No. 4:14-CV-1804-CAS, 2016 WL 5076181, at *2 (E.D. Mo. Sept. 14, 2016) (first citing 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2014); then citing *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996)).

"[T]he entry of a default judgment . . . [is] committed to the sound discretion of the district court." *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (internal quotation and citation omitted). "[I]t is incumbent upon the district court to ensure that the unchallenged facts constitute a legitimate cause of action prior to entering final judgment." *Marshall v. Baggett*, 616 F.3d 849, 852-53 (8th Cir. 2010) (citing *Murray*, 595 F.3d at 871).

The ADA prohibits places of public accommodation from discriminating against persons with disabilities. 42 U.S.C. § 12182(a). This includes "fail[ing] to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). "The ADA grants a private right of action for injunctive relief to 'any person' subject to disability discrimination." *Midwest Disability Initiative v. JANS Enters., Inc.*, 929 F.3d 603, 606 (8th Cir. 2019) (citing 42 U.S.C. § 12188(a)(1)); *see also Disability Support All. v. Heartwood Enters., LLC,* 885 F.3d 543, 546 (8th Cir. 2018) ("[The ADA] limits a person subjected to public accommodation discrimination to 'preventative relief,' typically, a temporary or permanent injunction.")

## DISCUSSION

As an initial matter, Plaintiff has failed to file a memorandum in support of her motion for default judgment as required by Local Rule 4.01. E.D. Mo. Local Rule 4.01. ("Unless otherwise directed by the Court, the moving party must file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies.") Plaintiff's one paragraph motion asks for the relief sought and then states, "[i]n support of this motion, the Court is referred to the accompanying affidavit and the court file." Doc. No. 13. Attached to the motion is a proposed order and an affidavit from Plaintiff's counsel that sets out her hourly rate, the number of hours worked, and the filing costs. Doc. No. 13-1.

**<u>Injunctive Relief</u>**

Federal Rule of Civil Procedure 65(d) requires that when a Court orders an injunction, the injunction must "state its terms specifically" and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Plaintiff's proposed order fails to meet these requirements; it merely states "Plaintiff is granted the injunctive relief in Count 1 at the expense of Defendant. Defendant has twelve months to bring the property into compliance with ADA standards." Doc. No. 13 at 3. Plaintiff's proposed order does not state its terms specifically and it improperly incorporates the complaint by reference rather than describing in reasonable detail the acts restrained or required. "Merely ordering someone to comply [with the ADA], without giving any direction as to what changes must take place, does not rise to the level of specificity required by the Federal Rules of Civil Procedure." *White v. Extra Special Properties, LLC*, No. 4:22-cv-00209-SRC, 2023 WL 3948910, at *3 (E.D. Mo. June 12, 2023).

Even taking the well-pleaded factual allegations in the complaint as true, the allegations lack detail on what manner and to what extent Defendant fails to comply. Doc. No. 1. The complaint also fails to specify relief beyond ordering Defendant to "alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed . . . ." *Id.* at ¶ 41.

Accordingly, the Court finds that Plaintiff has failed to meet the specificity requirements necessary for injunctive relief. As such, the Court will deny Plaintiff's

motion for default judgment without prejudice. Plaintiff may refile his motion for default judgment, but it must include a proper memorandum in support and a proposed order in compliance with Fed. R. Civ. P. 65(d) that specifically describes in reasonable detail the acts restrained or required.

**Attorney Fees**

Plaintiff has also sought an award of attorney's fees and costs. Under the ADA, "the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. In the event Plaintiff succeeds on the motion for default judgment, he may be considered the "prevailing party" for purposes of attorney fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Midwest Disability Initiative v. Nelmatt, LLC*, 344 F. Supp. 3d 1047, 1049 (D. Minn. 2018).

The starting point for calculating a reasonable fee award is the lodestar—the number of hours reasonably expended multiplied by a reasonable hourly rate. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986). "A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001) (citation omitted). Plaintiff bears the burden of "produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services buy lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *McDonald v. Armontrout*, 860 F.2d 1456, 1458-59 (8th Cir. 1988). Plaintiff must also establish that the number of hours expended was reasonable. *See Hensley*, 461 U.S. at 434.

Here, Plaintiff's counsel has failed to establish that her hourly rate and that her hours expended are reasonable in this matter. Plaintiff's counsel affidavit states that her standard hourly billing rate for services performed in federal court litigation is $450.00. Doc. No. 13-1 at ¶ 2. This does not establish, nor even claim, that her rate is in line with those in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. As to the hours expended, the affidavit states that counsel's billing records reflect that she performed a total of 16.25 hours of services regarding this matter. *Id.* at ¶ 3. Her billings records were not attached, but the affidavit generally lists the tasks performed:

> These services include research; review of documents; telephone calls with defendant's counsel, drafting the complaint and related documents; default motion, and related documents; file review; preparing affidavits and related documents.

*Id.* Not only are these descriptions vague, but they do not include the time spent on each task such that the Court can assess the reasonableness of the requested fees. Further, some of these tasks do not appear to be supported by the record. For example, it appears that only one, single page affidavit has been filed by Plaintiff, not multiple affidavits. Further, the Court is puzzled by an entry for "telephone calls with defendant's counsel," as there is no indication that Defendant has counsel given that no entry of appearance has been entered and Plaintiff continues to serve Plaintiff directly.

In sum, Plaintiff's request for attorney's fees is not supported by sufficient documentation and information to warrant an award at this time.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment is **DENIED without prejudice**.  Doc. No. 13.  In the event Plaintiff wishes to file a second motion for default judgment consistent with this memorandum and order, Plaintiff must do so promptly.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of December, 2023.